O

# United States District Court
# Central District of California

| | |
|---|---|
| YOLANDA GODOY,<br><br>      Plaintiff,<br><br>      v.<br><br>WINCO HOLDING, INC.; JUSTIN LEE; and DOES 1–100, inclusive,<br><br>      Defendants. | Case No. 5:15-CV-01397-ODW-SP<br><br>**ORDER GRANTING MOTION TO REMAND [17]** |

## I. INTRODUCTION

Plaintiff Yolanda Godoy ("Godoy") moves to remand this action to San Bernardino County Superior Court for lack of subject matter jurisdiction. (ECF No. 17.) Godoy argues that Defendant WinCo Holding, Inc. ("WinCo") untimely removed the case pursuant to 28 United States Code § 1446(c)(1). Godoy alternatively contends that WinCo waived its right to remove the action by taking offensive action in state court after removal was possible. For the reasons discussed below, the Court finds that WinCo's removal did not meet the standards set forth by 28 U.S.C. § 1446. Therefore, this Court **GRANTS** Plaintiff's Motion to Remand.[1] (ECF No. 17.)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

This action arises from certain violations of the California Fair Employment and Housing Act. ("FEHA") (Compl. ¶¶ 24-105.) Specifically, Godoy alleges that she was discriminated against, and eventually terminated, as a result of conditions and treatment of her diabetes. (Compl. ¶¶ 11-20.) Godoy was employed at WinCo from March 12, 2008 until March 18, 2012. (Opp'n 2.) Defendant Justin Lee was her supervisor at WinCo until he was transferred to another store in late 2011. (Opp'n 2.) Following Defendant Lee's departure, Godoy does not allege further harassment from him. (Opp'n 2.)

Godoy's initial action, brought on February 28, 2014, named WinCo, her employer, and Justin Lee, her supervisor, who was later dismissed from the action, as defendants. (Compl. ¶¶ 2, 3.) At the time of filing, Godoy and Defendant Lee were both California citizens, and WinCo was incorporated in Idaho. (Compl. ¶¶ 1, 2, 3.) The parties proceeded with discovery. (Mot. 9.) Notably, Defendant Lee's deposition was taken on September 30, 2014. (Opp'n 3.) The action was litigated to the point of summary judgment, for which Defendants filed on April 17, 2015, more than one year after Godoy's Complaint was filed. (Mot. 9, 10.) After the state court denied WinCo's motion for summary judgment and on the eve of trial, WinCo removed the matter to this Court on the basis of diversity jurisdiction, on July 13, 2015. (ECF No. 1.) Defendants timely opposed, and the Motion is now before the Court for decision.

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal

in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. A defendant may remove a case from a state court to a federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

## IV. DISCUSSION

Godoy contends that WinCo's removal of the case was untimely as WinCo removed the case more than one year after the commencement of the action. Godoy further contends that even if the removal was not untimely, WinCo waived its right to remove the action by showing an intent to adjudicate in state court. The Court will address each issue in turn.

### A. WINCO'S REMOVAL WAS NOT BARRED BY THE 28 U.S.C. §1446(c)(1)

Godoy contends that WinCo's removal of the case was untimely pursuant to 28 United States Code §1446(c)(1), as WinCo removed the case more than one year after the commencement of the action. (Mot. 11.) 28 U.S.C. §1446(c)(1) states in part that "[a] case may not be removed under subsection (b)(3) . . . more than 1 year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." The action was commenced on February 28, 2014, when Godoy filed the Complaint, and WinCo removed the action on July 14, 2015, more than one year later. (Mot. 10, 11.)

However, WinCo argues that its removal was not time barred because Godoy acted in bad faith in naming Defendant Lee as a defendant. (Opp'n. 2.) In California, before suing for a violation of FEHA, a plaintiff must first be granted a "right-to-sue" letter by the Department of Fair Employment and Housing. Cal. Gov. Code §§ 12960, 12965(b). To obtain the "right-to-sue" letter, the plaintiff must first file an administrative complaint within one year of the date that the alleged breach of FEHA occurred. *Id*. § 12960. Godoy filed her administrative complaint on March 1, 2013, however following Defendant Lee's departure in 2011, Godoy did not experience further harassment from him. (Opp'n 2 and 3.) As such, it is clear that the administrative complaint was not filed within the one year deadline imposed by section 12960 and it was improper of Godoy to include Defendant Lee in her original complaint.

Godoy contends that the administrative complaint was timely, based on the doctrine of continuing violation. However, this doctrine does not apply here. (Mot. 12, 13, 14 and 15.) The continuing violation doctrine, if applicable, provides for an exception to the section 12960 one year deadline by allowing a plaintiff to bring claims under FEHA that occured in part outside of the limitations period. *Richards v. Ch2m Hill*, 26 Cal. 4th 798, 802 (2001). The rationale behind the doctrine is that employees should not be forced to resign their employment in order to bring a timely claim. *Id.* at 820-821. Neither should they be forced to bring a claim while maintaining their employment concurrently with the harassment, which may not be a viable option for employees. *Id.* However, Godoy was in neither of these positions. (Opp'n 2.) Her harassment had stopped while she was still employed at WinCo. (Opp'n 2 and 3.)

The statute of limitations begins when the harassment stops, or the employee quits. *Id*. Any harassment against Godoy stopped following Defendant Lee's transfer in 2011, and that is when the statute of limitations began to run. (Opp'n 2.) Godoy

1  failed to file the administrative complaint within one year of that date (in violation of
2  Cal. Gov. Code § 12960) and so was barred from suing on those grounds.

3  WinCo contends that Godoy acted in bad faith because she would have been aware of Defendant Lee's improper naming at the latest at the time of his deposition. (Opp'n 3.)  Bad faith is demonstrated when "an attorney "knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent."" *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 4312, 436 (9th Cir. 1996) (quoting *Estate of Blas v. Winkler*, 792 F.2d, 858, 860 (9th Cir. 1986)).  Many cases hold that pursuing a time-barred claim constitutes a legally frivolous argument. *See Doggett v. Perez*, 225 F.R.D. 255, 257 (E.D. WA. 2004); *Perdue v. City of Wilmington, Delaware,* No. 14-044-SLR, 2014 WL 5035938, at *5 (D. Del. 2014). Godoy named Defendant Lee when it was, or should have been, clear that no action brought against Defendant Lee was valid due to her failure to adhere to the FEHA deadline, and her failure to dismiss Defendant Lee following his deposition evidences bad faith.

Lastly, Godoy argues that WinCo could have removed the case prior to the dismissal of Defendant Lee under the doctrine of fraudulent joinder.  (Mot. 15.) While WinCo had this option, the Court can find no case law supporting the position that WinCo had an affirmative duty to do so.

Godoy's naming of Defendant Lee, when any claim against him was time-barred, was a legally frivolous argument and in bad faith.  Because Defendant Lee was named in bad faith, WinCo's removal was not barred by 28 U.S.C. §1446(c)(1).

/ / /
/ / /
/ / /

### B. WINCO DID NOT WAIVE ITS RIGHT TO REMOVE THE CASE

Godoy further contends that WinCo waived its right to remove the case by proceeding with its summary judgment motion after Defendant Lee had been dismissed. (Mot. 17 and 18.) Various acts, including filing for summary judgment, have been held to solidify a defendant's desire to litigate in state court to the extent that the defendant waived its right to removal. *Zbranek v. Hofheinz*, 727 F. Supp. 324, 325 (E.D. Tx. 1989). However, waiver does not occur when the defendant is simply abiding by court rules. *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004). WinCo notes that its "compliance with already-scheduled Court deadlines while preparing its removal does not constitute waiver of the right to remove this case." (Opp'n 6 and 7.) The Court agrees. The summary judgment hearing was 10 days following the dismissal of Lee. (Opp'n 6.) During this time, WinCo's summary judgment reply papers were due. Waiver must show a "clear and unequivocal" desire to litigate in state court. *Haynes v. Gasoline Marketers, Inc.*, 184 F.R.D. 414, 416 (M.D. Al. 1999). The short time given between dismissing Defendant Lee and the summary judgment deadlines makes it difficult to infer a clear desire to litigate from WinCo's actions.

### C. DEFENDANT LEE'S DEPOSITION TRANSCRIPT IS AN "OTHER PAPER" UNDER 28 U.S.C. §1446(b)(3), AND WINCO FAILED TO REMOVE THE CASE WITHIN THE 30 DAY DEADLINE NECESSITAED THEREIN

Godoy notes that 28 U.S.C. § 1446(b)(3) provides for a 30 day window to remove the case upon receipt by the defendant of the first paper through which it can be ascertained that the case is removable. (Reply 5.) Godoy contends that Defendant Lee's deposition transcript serves as that first paper, and that WinCo failed to adhere to the 30 day deadline. (Reply 5.) Section 1446(b)(3) states in whole:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30

6

days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertainable that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

Godoy asserts that the phrase "other paper," as used above, includes deposition transcripts. (Reply 5.) Although the use of deposition transcripts as "other papers" has been inconsistently decided, many courts find that deposition transcripts are included. *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F. 3d 1072, 1078 (10th Cir. 1999); *SWS Erectors, Inc. v. Infax, Inc.*, 72 F. 3d 489, 494 (5th Cir. 1996); *Riggs v. Continental Baking Co.*, 678 F. Supp. 236, 238 (W.D. Cal. 1988). The Court agrees.

Defendant Lee's deposition was taken on September 30, 2014. (Opp'n 3.) WinCo removed the action on July 14, 2015. (Mot. 10.) WinCo notes that Defendant Lee's status as an improper defendant would have been noticeable at his deposition. (Opp'n 3.) The deposition transcript is thus the first paper under which it could be ascertained that the case was removable. Although the exact date that the transcript was received by WinCo is unknown, it was surely within a few months at the most. WinCo therefore failed to adhere to 28 U.S.C. § 1446(b)(3) in removing the case, and the case must therefore be remanded.

**D. JUDICIAL ECONOMY WILL BE MAINTAINED UNDER THE COURT'S ORDER**

Godoy makes the brief argument that remanding the case would best conserve judicial resources as the case has progressed significantly (in fact, to the point of summary judgment), in state court. (Mot. 18.) WinCo essentially concedes this, and states that the federal court need not do more than issue a scheduling order. (Opp'n 7.) Neither argument is sufficiently compelling to sway the court from its previous analysis. Judicial economy will be no less served by remanding the case than it would by allowing the case to remain.

### E. THE COURT DECLINES TO AWARD COSTS AND EXPENSES

The Court declines to award costs and expenses in this matter. In general, "attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). While the Court grants Godoy's Motion to Remand, it appears that WinCo had a reasonable basis for removal, and acted on it in good faith.

### V. CONCLUSION

For the reasons discussed above, the Court finds that there is no subject-matter jurisdiction over this action under 28 U.S.C. § 1332. Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand. (ECF No. 17.) This action shall be remanded to the San Bernardino County Superior Court, case number CIVDS1402507. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

October 22, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**